John K. Graves maketh oath that he is clerk of the Superior (412) Court of CASWELL; that the plaintiff in the above stated case resides out of this State; that one of his counsel, towit, William A. Graham, had to leave immediately after court for Washington City, and that the other, towit, James T. Morehead, lives at the distance of 40 miles; that the appeal bond was filed at the court where the appeal was granted; that express directions were given by counsel for sending up the case, and the clerk promised to do so. And this affiant further states that the transcript in the case was made out in time to reach Raleigh in the time required by law for filing appeals.
(Subscribed and sworn to in due form of law.) *Page 314 
Paul A. Harrison maketh oath that he is clerk of the court of pleas and quarter sessions of the county of Caswell; that he was at the Superior Court of Law held for said county at May Term, 1841, and assisted the clerk of the said Superior Court in the discharge of his duties in court; that upon the rise of court (after the trial of the above stated cause, and the appeal to the Supreme Court was granted) he was spoken to by James T. Morehead, Esquire, one of the counsel for the appellant, William A. Muzzell, to aid the clerk in making out the transcript to go to the Supreme Court, and was moreover further requested by the said counsel to say to the clerk that he (the counsel) wished the transcript to be made out as soon as he could do so, and forwarded on to the Supreme Court. This affiant further states that the plaintiff (the appellant) resides beyond the limits of this State, and that one of his counsel is a United States Senator, and had to leave shortly after court for Washington City, and that the other resides at the distance of 40 miles; that an appeal bond was filed at court, when the appeal was granted, and that express directions were given by counsel for sending up the case. (Subscribed and sworn to.)
Edmund B. Freeman makes oath that the record of the suit of WilliamA. Muzzell, administrator, v. Thomas L. Lea, sheriff, reached his office, as he believes, on Tuesday morning, 22 June, and (if he (413) is not mistaken in this) it must have reached the postoffice in the city the evening before. Affiant has mislaid the envelope which came around the said record, and therefore he cannot state at what time the said record was mailed. He says further that although he believes the said record reached the clerk's office on Tuesday morning, it might have been Wednesday, 23 June. He is certain it was not later than Tuesday or Wednesday.
(Subscribed and sworn to)
The certiorari cannot be granted.*
* NOTE. — As cases like the present have frequently occurred, the Reporter thinks it may be useful to state, for the information of those who appeal to the Supreme Court, that the law requires the party appellant to file a transcript of the record in the office of the clerk of that Court within seven days after its term commences; that the terms of the Supreme Court being on the second Monday of June and the last Monday of December, the transcript must be filed not later than the third Monday of June and the first Monday of January, it having been decided that the seven days mean seven judicial days. If the party, or his agent, be guilty of neglect in this respect, he loses his appeal. It is not a sufficient excuse that the party has trusted to the clerk, or any other agent, to bring up his appeal. It is made by law the duty of the party himself to see that his appeal is filed within the proper time; and the default of his agent affects him as injuriously as his own personal default could. Cotton v. Clark, ante, 353. *Page 315 
(414)